UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DANIEL VARGAS

                        Plaintiff,

    v.

CITY OF NEW YORK,
POLICE OFFICER JOHN DOE #1,
POLICE OFFICER JOHN DOE #2, and
POLICE OFFICER JOHN DOE #3,

                        Defendants.
---------------------------------------------------------X

<u>26-CV-3429</u>

**COMPLAINT**

Plaintiff Demands Trial by Jury

Plaintiff, DANIEL VARGAS, by and through his attorney, Alexis Padilla, complaining of the defendants, POLICE OFFICER JOHN DOE #1, POLICE OFFICER JOHN DOE #2 and POLICE OFFICER JOHN DOE #3, upon information and belief, alleges the following:

<u>**PRELIMINARY STATEMENT**</u>

1.     This is a civil rights action in which the plaintiff, DANIEL VARGAS, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

<u>**JURISDICTION AND VENUE**</u>

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

1

3. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) in that the events giving rise to this claim occurred within the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff DANIEL VARGAS is a citizen of full age and a resident of Fairfield County, State of Connecticut.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York which maintains its primary place of business within the Southern District of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendant POLICE OFFICERS JOHN DOE #1-3 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants POLICE OFFICERS JOHN DOE #1-3 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were

2

otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacities.

## STATEMENT OF FACTS

8.      On or about June 26, 2025, plaintiff was lawfully operating a motor vehicle on the George Washington Bridge when he was approached by defendant POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2.

9.      Defendant POLICE OFFICER JOHN DOE #1, with his gun drawn and aimed at plaintiff, ordered plaintiff to lower the driver side window.

10.     Plaintiff lowered the window and the defendant then instructed him to unlock the car doors.

11.     Plaintiff unlocked the doors and POLICE OFFICER JOHN DOE #2 opened the passenger side door and asked the individual in the passenger seat to get out of the car.

12.     That individual then stepped out of the car without issue.

13.     POLICE OFFICER JOHN DOE #1 then instructed plaintiff to get out of the car on the passenger side.

14.     Before plaintiff could climb out of the driver's seat, defendants POLICE OFFICER JOHN DOE #2 and POLICE OFFICER JOHN DOE #3 reached into the car and grabbed plaintiff, then dragged him out of the car, causing his right knee to strike against the center console of the car, resulting in immediate pain.

15.     Once plaintiff was fully removed from the car, defendant POLICE OFFICER JOHN DOE #2 slammed plaintiff against the exterior of the vehicle and together with defendant POLICE OFFICER JOHN DOE #3, placed him in handcuffs.

16. Plaintiff was taken to a police vehicle and transferred to the 46th Precinct in the Bronx.

17. At the precinct, Plaintiff was placed in a cell, where he remained for approximately 17 hours before he was released from the precinct with no charges.

18. At no point during the events described above did plaintiff commit any act for which he could be arrested.

19. At no point during the events described above did plaintiff commit any act which would warrant the use of force against him.

20. At no point during the events described above did the defendant officers have probable cause or any other basis to take plaintiff into custody.

21. As a result of the defendants' illegal use of force and abuse of their arrest power, plaintiff did suffer injury, including but not limited to the violation of his constitutional rights to be free from excessive force and false arrest.

## AS FOR A FIRST CAUSE OF ACTION

***FALSE ARREST as against defendant POLICE OFFICERS JOHN DOE #1-3 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983***

22. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

23. At all times during the events described above defendants lacked probable cause to arrest plaintiff.

24. All of the aforementioned acts of defendants POLICE OFFICERS JOHN DOE #1-3 were carried out under the color of state law.

25.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

26.     The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

27.     The arrest complained of resulted in plaintiff's unlawful loss of liberty and in the violation of his right to be free from the unreasonable seizure of his person.

28.     At all times relevant, each of the defendant police officers had a duty to intervene and put a stop to plaintiff's unlawful detention.

29.     Each of the defendant police officers had an opportunity to intervene in plaintiff's unlawful detention, yet each of the defendant officers failed to do so, in violation of their constitutional duty.

30.     The acts and omissions complained of deprived plaintiff of his right to be free from false arrest.

## AS FOR A SECOND CAUSE OF ACTION

### Excessive Force as against defendant POLICE OFFICERS JOHN DOE #1-3 in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983

31.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

32.     At all times during the events described above defendants POLICE OFFICERS JOHN DOE #1-3 lacked probable cause to use force against plaintiff.

33.     All of the aforementioned acts of defendants were carried out under the color of state law.

34.    All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35.    The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

36.    At all times complained of, the defendants had an obligation to intervene and put a stop to the use of excessive force and each of them failed to do so.

37.    The acts complained of resulted in pain and injury to plaintiff.

38.    The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

39.    Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

40.    The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

41.    At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

42.     At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force and arrest power as described in this Complaint.

43.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful policies, practices and customs complained of herein demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:  April 27, 2026
        Brooklyn, NY

By:        */s/Alexis G. Padilla*
           Alexis G. Padilla, Esq. [AP7400]
           *Attorney for Plaintiff*
           *Daniel Vargas*
           378 Lewis Avenue #6
           Brooklyn, NY 11233
           Tel.: (917) 238-2993
           alexpadilla722@gmail.com

7